## ANNIE D. WILSON v. W. A. P. WILSON.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF BEDFORD COUNTY.

Argued May 12, 1891—Decided May 25, 1891.

Proceedings in feigned issues are in an especial manner within the equitable powers of the court; and where the court is dissatisfied with a verdict rendered in an issue awarded on the opening of a judgment, it is within its power to set aside the verdict and a judgment thereon, though two years have elapsed from the rendition and entry thereof.

Before Paxson, C. J., Sterrett, Williams, McCollum and Mitchell, JJ.

No. 378 January Term 1891, Sup. Ct.; court below, No. 106 November Term 1882, C. P.

On October 9, 1882, to the number and term of the court below, stated above, a judgment for $19,006 was entered in favor of "Annie D. Wilson, for self and in trust," against A. Porter Wilson and William A. P. Wilson, upon a judgment note dated the same day and signed by the defendants. Proceedings to open said judgment, on the petition of W. A. P. Wilson, and in a scire facias to revive the same to No. 33 No-

vember Term 1887, sufficiently appear in Wilson v. Wilson, 137 Pa. 269.

On November 24, 1890, after the return of the record in the case referred to, W. A. P. Wilson presented his petition, reciting the proceedings in the court below and in the Supreme Court, in the case cited, the record showing that on April 19, 1889, by direction of the plaintiff's attorney, with notice to the defendant's attorneys, judgment was entered on the verdict rendered for the plaintiff in the feigned issue on November 30, 1888, (see Wilson v. Wilson, 137 Pa. 271–272,) and prayed the court to order the said judgment to be opened and the verdict stricken off, and to permit the petitioner to withdraw all proceedings under the original judgment entered to No. 106 November Term 1882, so that he might have a fair trial on the scire facias issued thereon, etc. Rule granted.

On January 7, 1891, an answer to said rule being filed and the matter argued, the court, BAER, P. J., filed the following opinion:

On the trial of the feigned issue, the court ordered a verdict for plaintiff, and sought to qualify it in the charge and form of verdict so as to prevent its conclusiveness on the same question then pending before the same jury, on a scire facias issued on the judgment which had been opened.

The Supreme Court, on error, holds that our charge and the verdict, no matter what was our intention, did not deprive the judgment entered on the verdict from having a conclusive effect. Possibly, in the first trial the verdict before judgment entered would not have been deemed conclusive. A new trial having been granted, it would have been wisdom on the part of the defendant to have taken a writ of error when he saw the plaintiff do so after the verdict on the re-trial.

We originally assumed to exercise the powers of a chancellor in our charge and effort to control the verdict. Our well-intended effort miscarried because one party refused to be bound by it. We again assume the role of a chancellor, in order to reinstate the case as it stood before the verdict was ordered. And, in doing so, it becomes a question, whether after this lapse of time we have any power to do so. This question we will leave to the Supreme Court to pass upon; and we do

Arguments.

now, in the light of the ruling of the Supreme Court, as we understand it, set aside the verdict, and also set aside the judgment entered thereon, so the case may stand as an opened judgment as it stood open and at issue on the pleadings immediately before the verdict was ordered and taken, restricting the defence precisely as it was then, without leave of amendment; the costs of the trial of the feigned issue and of this rule to be paid by the defendant W. A. P. Wilson; exception.

—Thereupon, on February 12, 1891, the defendant, W. A. P. Wilson, presented a petition for leave to withdraw the petition to open said judgment and all proceedings subsequent thereto, " with the same and like effect only, as though no proceedings had been had to open the same. This action is not to prejudice, or in any way prevent or bar the said defendant from making or setting up any defence, on the trial under the scire facias, as he could have made or done in case no proceedings had been had or instituted under the judgment." Objection being made and argued, the court, BAER, P, J., made the following order:

And now, February 12, 1891, this petition was presented, and counsel of plaintiff, in an argument, denies the power of the court to permit the withdrawal as prayed for, and demands that a rule be granted. From the knowledge this court has of the issues, by reason of former trials, it deems a rule wholly unnecessary and as tending to delay. It is therefore now ordered that leave to withdraw proceedings as prayed for be granted; exception.

—Thereupon the plaintiff took this appeal, specifying the foregoing orders of January 7 and February 12, 1891, for error.

*Mr. J. M. Reynolds* (with him *Mr. Alexander King*), for the appellant.

Counsel cited: King v. Brooks, 72 Pa. 364; Conrad v. Insurance Co., 81* Pa. 72; Syracuse Oil Co. v. Carothers, 63 Pa. 380; Commonwealth v. Mayloy, 57 Pa. 298; Breden v. Gilliland, 67 Pa. 37; Lance v. Bonnell, 105 Pa. 48.

*Mr. M. M. McNeil* and *Mr Wm. M. Hall, Jr.*, (with them *Mr. Wm. M. Hall*), for the appellee.

Counsel cited: Wilson v. Wilson, 137 Pa. 281; Cochran v.

Syllabus.

Eldridge, 49 Pa. 365; Hambleton v. Yocum, 108 Pa. 309;
Stephens v. Stephens, 1 Phila. 108; Mathers v. Patterson, 33
Pa. 485; Herdic v. Woodward, 75 Pa. 483; Newcomer's App.,
43 Pa. 43; Stephens v. Cowan, 6 W. 511.

PER CURIAM:

The plaintiff alleges that the court below erred in striking
off the judgment entered April 19, 1889, on the verdict ren-
dered November 30, 1888. The order striking off the judg-
ment was entered January 7, 1891; and, if the verdict and
judgment had been in a common-law proceeding, the power of
the court to dispose of it in this summary manner may well be
doubted. But the verdict in question was rendered in a feigned
issue ordered by the court to inform its conscience, and such
proceedings are in an especial manner within the equitable
powers of the court. If dissatisfied with the verdict, the court
may disregard it; and where, as here, the court becomes con-
vinced that instead of being an aid, it is a hindrance to the
proper disposition of the cause in which it was ordered, it is
clearly within the equitable power of the court to set it aside.

Judgment affirmed.