J. W. CASTEEL, Appellant, v. BELLE F. FLINT, G. W..
CASTEEL, and HENRY L. CASTEEL, Appellees.

**Gifts:** DELIVERY. Where one caused stock to be issued to him as.
trustee for another, but there was no delivery of the stock to·
the beneficiary, there was no gift.

TRUSTS. Where shares of stock showed on their face that they were·
issued to the holder as trustee for another. and his intention
was to make a gift of the stock to the beneficiary, no trust was
established.

**Findings Below:** REVIEW ON APPEAL. As findings of the trial court
on questions of fact have the force of a verdict of the jury,
they will not be disturbed on appeal if they have support in
the evidence.

*Appeal from Boone District Court.*—HON. S. M. WEAVER,
Judge.

TUESDAY, OCTOBER 9, 1900.

APPLICATION by J. W. Casteel for an order on the administrator of the estate of James Casteel to turn over certain shares of stock in a building and loan association. The trial court denied the application, and J. W. Casteel appeals.—*Affirmed.*

*Dyer & Stevens* for appellant.

*Jordan & Goodykoontz* for appellees.

DEEMER, J.—Aside from the administrator, the parties to this litigation are the children and heirs at law of James Casteel, deceased, who died intestate May 9, 1898. On April 5, 1895, deceased procured twenty shares of stock in a building and loan association, that upon his direction were issued to "James Casteel, trustee for J. W. Casteel." The stock was delivered to James Casteel,.

and, he retained possession thereof, either by himself or agent until his death. J. W. Casteel had no knowledge of the issuance of the stock until after the death of his father. It also appears that, at the time the stock was issued, decedent also procured twenty other shares of stock in the association, that were issued to him individually. In support of his application, J. W. Casteel contends that the twenty shares first mentioned were a gift by his father, or that his father held them in trust for him at the time of his decease. The trial court found, however, that James Casteel made the investment in the twenty shares of stock in controversy, and had them issued as he did, simply to avoid a rule of the association limiting the amount of stock that could be taken out by any one subscriber to twenty shares; that the trust was simply nominal; and that the only other purpose the deceased had in mind, if he had any other, was to give them to appellant, provided he thereafter proved himself capable of taking care of his money. These findings have support in the evidence, and we are not disposed to interfere with the conclusions of the learned trial judge. The case comes to us on assignments of error, and the findings of the trial court on questions of fact have the force and effect of the verdict of a jury. In any view of the case, there was no gift, because of the absence of delivery to the beneficiary during the lifetime of the donor. *Stokes v. Sprague,* 110 Iowa, 89. The same case also holds that under the facts found there was no such declaration of trust as entitles applicant to the order prayed.

On behalf of J. W. Casteel it is contended, however, that the stock was so issued that it shows on its face that he is the beneficial owner thereof. There is some conflict in the authorities regarding the general proposition of law involved in this contention. See *Brabrook v. Bank,* 104 Mass. 228; *Clark v. Clark,* 108 Mass. 522; *Souverbye v. Arden,* 1 Johns. Ch.

256; *Martin v. Funk,* 75 N. Y. 134; *Brinckerhoff v. Lawrence,* 2 Sandf. Ch. 401. Determination of the proper rule in such cases is not necessary, although it seems we have followed the Massachusetts cases in *Schoolmier v. Schoendelen,* 78 Iowa, 426, wherein it is said, "There must be some evidence in addition [to the writing] to show that it was regarded by the maker as a completed transaction." The point was decided without much discussion, however; and without at this time committing ourselves to the extreme doctrine of *Clark v. Clark, supra,* it is enough to say that, even under the New York rule, plaintiff is not entitled to the order he asks. It may be well, before leaving this branch of the case, to refer to the *Stokes Case, supra,* which seems to follow the Massachusetts rule, although the question there presented primarily involved the validity of a gift.

Concurring as we do in the findings of fact made by the trial court, that the trust was a nominal one, executory in character, intended to be consummated in the future, as a gift, the conclusion is inevitable that the writing itself is not sufficient to establish a trust. The order denying the application is AFFIRMED.

GRANGER, C. J., not sitting.