EDWARD F. GETCHELL, Administrator,

*vs.*

BIDDEFORD SAVINGS BANK.

SAME, In Equity, *vs.* BIDDEFORD NATIONAL BANK.

York.    Opinion December 18, 1900.

*Gift.    Delivery.    Husband and Wife.    Trust.    Presumption.    Practice.*

1.  To effectuate a gift there must be a delivery to the donee, or an express declaration of trust in his favor.

2.  Where a husband delivers to his wife the property itself, or the evidences of title thereto, the relationship may raise a presumption that the transaction was a gift, but where there is no such delivery, there is no such presumption.

3.  Where a husband deposits his own money in a savings bank in his wife's name without delivering to her the bank book, or expressly declaring a trust in her favor, the money so deposited does not vest in the wife.

4.  Where a husband with his own money buys corporate stock and has the certificates made out in his wife's name and holds them without delivering them to her, or expressly declaring a trust in her favor, the stock so purchased does not vest in the wife.

5.  The elimination by counsel of formal and irrelevant matters from the case sent to the law court is commended.

ON REPORT.

The first case was an action of assumpsit for money had and received. The issue presented by the pleadings was the ownership of a deposit in the Biddeford Savings Bank of $1151.87 and interest from October, 1889, which then stood in the name of Martha M. Moore.

The second case was a bill in equity, heard on bill, answer and proof, to determine the ownership of five shares of the stock of the Biddeford National Bank, at the time of the death of Martha M. Moore, in September, 1889. .

The case appears in the opinion.

*H. Fairfield and L. R. Moore*, for plaintiff.

Whenever the real purchaser, the one who pays the price, is under a legal or, even in some cases, a moral obligation to maintain the person in whose name the purchase is made, equity raises the presumption that the purchase is intended as an advancement or gift to such recipient, and no trust results.

If, therefore, a purchase of either real or personal property is made by a husband in the name of his lawful wife, or in the joint names of himself and wife, or such a purchase is made by a father in the name of his legitimate child, or in the joint names of himself and child, no trust results in favor of the husband or father, but the transaction is presumed to be a gift or advancement to or for the benefit of the wife or child.   2 Pomeroy, Eq. Jur. § 1039, and cases. 2d. Story's Equity Jurisprudence, § 1204, is to the same effect.

The Massachusetts court in *Whitten* v. *Whitten*, 3 Cush. 197, says: "It is, therefore, an established doctrine, that where the husband pays for land conveyed to the wife, there is no resulting trust for the husband; but the purchase will be regarded and presumed to be an advancement and provision for the wife.   This is fully supported by various cases, as well as by the text writers."

In this State, WHITMAN, C. J., in *Spring* v. *Hight*, 22 Maine, 411, says:   "If a husband thinks proper to pay for an estate and to direct the conveyance of it to be made to her, in the absence of any intention, manifested at the time to the contrary, it will be presumed to be for an advancement to her."

In *Stevens* v. *Stevens*, 70 Maine, 93, the court says: "It is undoubtedly a well established principle in equity, that in ordinary cases when land is conveyed to one person on the payment of the consideration by another, a resulting trust will be presumed in favor of him who pays the consideration. When however the purchase is made by a husband and the conveyance is to the wife, this principle does not apply, but the presumption is that it was intended for the benefit of the wife."

The court, in *Sidmouth* v. *Sidmouth*, 2 Beav. 447, says that the receipt of dividends of investments made in the name of his son was not sufficient to rebut the presumption of a gift.

Between husband and wife, his possession of her property is her possession. *Lane* v. *Lane*, 76 Maine, 525.

Limitations: The admr. was the only party who could bring an action and he was not appointed till May, 1898. Williams on Ex'rs. (1880); Book 7, L. R. A. Note p. 658.

*Edwin Stone*, for defendants.

The cases cited by plaintiff and many others, on the same subject, with but one exception, all relate to conveyances of real estate,—and the exception was a case in which the stock certificate had been duly assigned and delivered, but the transfer had not been made on the stock book of the corporation.

In the case of *Stevens* v. *Stevens*, 70 Maine, 93, cited by counsel, the court evidently, for obvious reasons, intended that a distinction should be made between conveyances of real estate and personal property, in such cases. In all the cases cited the facts were essentially different from the facts in this case.

A delivery, to make a valid change of title, is just as essential, when the transaction is between husband and wife as between other parties, and no delivery whatever is shown in this case. But to make this presumption good and sufficient the courts have uniformly held that there must be a clear, manifest intention by the husband to make the advancement. *Spring* v. *Hight*, 22 Maine, 408.

The husband's acts, in this case, are the strongest possible declaration of his intentions. He never delivered the pass-book

nor the stock certificate. The evidence is conclusive on this, in the defendant's favor. He appropriated all the income from the bank stock. This is also conclusively established by the records of the bank. His wife never claimed the money or stock. Every act of both these parties is wholly inconsistent with the plaintiff's claim.

A court of equity will lend no aid towards perfecting a voluntary contract or agreement, nor regard it as binding so long as it remains executory. Weighing all the evidence in the case, the presumption on which the plaintiff relies is overcome very clearly. It establishes beyond controversy that Joshua Moore never intended and never did, in law, lose the control, dominion or title to the money and bank stock involved in the two actions.

It has long been settled law in this and other states, that a mere deposit of money in a bank, by one person, in the name of another, without any declaration of trust, or notice to the latter, is not sufficient to pass the title, or to create a trust. *Pope* v. *Burlington Savings Bank*, 56 Vt. 284; *Brown* v. *Brown*, 117 N. Y. 421; *Mabie* v. *Bailey*, 95 N. Y. 206; *Marcy* v. *Amazeen*, 61 N. H. 131; *Parkman* v. *Suffolk Savings Bank*, 151 Mass. 218; *Case* v. *Dennison*, 9 R. I. 88; *Kerrigan* v. *Rantigan*, 43 Conn. 17; *Alger* v. *North End Savings Bank*, 146 Mass. 418; *Stone* v. *Bishop*, 4 Clifford, C. C. 593.

Here there was no act shown to have been done to pass the title. There is a complete absence of proof of any delivery, or intent to give. If there is an intention to give, that intent must be carried into effect by an actual delivery. *Robinson* v. *Ring*, 72 Maine, 142.

There must be some clear and distinct act to transfer the title. *Lane* v. *Lane*, 76 Maine, 521; *Dole* v. *Lincoln*, 31 Maine, 422.

Words of gift are not sufficient. They alone convey no title and are not the basis of an action. *Carleton* v. *Lovejoy*, 54 Maine, 445; *Hanson* v. *Millet*, 55 Maine, 184; *Reed* v. *Spaulding*, 42 N. H. 114.

When the question of ownership is between the estates of deceased husband and wife, and the books show deposits in the name

of the wife, evidence of the following facts is admissible. The husband's ability and the wife's inability to earn and accumulate; the opening of the account by the husband; the depositing and withdrawing of sums in and from the account by the husband; that the pass-book was usually in the possession of the husband, or else in their joint possession; that no administration was taken out on the wife's estate for four years after her decease. *Kennebec Savings Bank* v. *Fogg*, 83 Maine, 374.

In this case the defendant proves conclusively: (1) that the husband opened the account; (2) his ability and the wife's inability to earn and accumulate; (3) the depositing and withdrawing by him; (4) that the pass-book was never delivered to her; (5) that administration was not taken out on her estate until about nine years after her decease, but soon after his decease; (6) that she had no knowledge of the account in the Savings Bank.

Laches: *Crooker* v. *Houghton*, 61 Maine, 337; *Whittemore, Petr.* 157 Mass. 46; *Peabody* v. *Flint*, 6 Allen, 52; *Fuller* v. *Melrose*, 1 Allen, 166; *Lawrence* v. *Rokes*, 61 Maine, 38; *Sullivan* v. *Portland and Kennebec R. R. Co.*, 94 U. S. 806.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

EMERY, J. These cases come before the law court upon report with a brief but comprehensive record from which all mere formal and irrelevant matters have been eliminated. By making up such a record, counsel have saved their clients expense and costs, and have presented the case more clearly, without in the least endangering any right. Such a course is commended.

The competent evidence leads us to believe the following to be the material facts. Mr. Moore, in the lifetime of his wife, purchased five shares in the Biddeford National Bank, which he paid for with his own money. The certificates, however, were at his request made out in the name of his wife. These certificates he kept in his own files in the bank vault, and he drew the dividends, receipting for them in his own name. It does not appear that his

wife ever had the certificates or ever knew that the shares were in her name. After her death Mr. Moore surrendered the certificates to the bank and induced the bank officers to issue new certificates in his own name.

Also, in his wife's lifetime, Mr. Moore deposited a sum of his own money in her name in the York County Savings Bank, taking out a deposit book in her name. Later he withdrew this deposit from that bank and deposited it in the Biddeford Savings Bank and again taking out a deposit book in her name. This book was kept at the bank, Mr. Moore being one of its officers. It does not appear that either deposit book was ever seen by Mrs. Moore, or that she ever knew of either deposit. Shortly after her death, Mr. Moore induced the bank to pay to him the entire deposit.

Mr. Moore did not make to either bank, or to his wife, any statement of his purpose in either of these transactions. So far as appears, he had the stock and money put in his wife's name merely for his own convenience, or to become her property in case she should survive him, but otherwise to remain his property.

Mr. Moore, however, survived his wife some eight years. After his death, her heirs procured the appointment of the plaintiff as administrator upon her estate. The plaintiff thereupon brought a bill in equity against the National Bank to compel it to issue to him as such administrator certificates for the five shares of its stock. He also brought an action at law against the Savings Bank to recover the amount of the deposit standing in her name at her death.

We have no occasion to consider what would have been Mrs. Moore's right in this property after the death of her husband had she survived him, for she did not survive him. Nor is it the question whether the transactions above recited operated to vest in Mrs. Moore in her lifetime the strict legal title to the property. That might be, and yet the actual beneficial ownership remain all the time in Mr. Moore. In such case she would simply have held that legal title in trust for him, and the court could compel her administrator to transfer it to the administrator of Mr. Moore's estate. *Gray* v. *Jordan*, 87 Maine, 140. The only question is

whether the actual, beneficial ownership was transferred to Mrs. Moore, for, if it was not, her administrator cannot maintain a suit against either bank for yielding up the property to the actual beneficial owner.

That such ownership was not transferred to Mrs. Moore must be apparent. There was no gift completed by delivery, nor was there any complete declaration of trust in her favor,—one or the other of which was essential to vest the property in her. *Robinson* v. *Ring*, 72 Maine, 140; *Northrop* v. *Hale*, 73 Maine, 66-71; *Norway Savings Bank* v. *Merriam*, 88 Maine, 146.

The plaintiff urges that, as between husband and wife, it should be presumed that a gift was intended. That relationship is a circumstance, but not a controlling one. Even if a gift was intended, it was not perfected. *Kennebec Savings Bank* v. *Fogg*, 83 Maine, 374.

*Bill in equity dismissed with costs.*
*Judgment for the defendant in the action at law.*