[S. F. No. 4404.  Department Two.—April 7, 1906.]

In the Matter of the Estate of GEORGE D. HALL, Deceased.

WILL—DEED—GRANT IN PRÆSENTI.—A written instrument in the form of a deed granting and transferring *in præsenti* to the grantee named therein certain described property, but reserving its enjoyment until the death of the grantor, is not a will and cannot be probated as such.

APPEAL from a judgment of the Superior Court of Alameda County refusing to admit a will to probate and from an order refusing a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Nowlin & Fassett, and Aylett R. Cotton, for Appellant.

S. C. Denson, and Thomas M. Osmont, for Respondents.

McFARLAND, J.—Louisa Hall, widow of George D. Hall, deceased, filed a petition in the probate court to have probated as a will of said deceased a certain written instrument of which the following is a copy:—

"Know all men by these presents, that I, George D. Hall, of the city and county of Alameda, state of California, the party of the first part, for and in consideration of the sum of five dollars, gold coin of the United States of America, to him in hand paid as also for and in consideration of the love and affection, and for the better maintenance and support of Louisa Hall (his wife), of the said city and county of Alameda, state of California, the party of the second part, the receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell and convey unto the said party of the second part, his executors, administrators and assigns, all of the personal property of any and every description whatsoever which I do now possess, or may hereafter own or possess, as conclusively as though I had separately designated each and every parcel thereof separately. This conveyance, however, is to remain null and void during my lifetime, but to become of full force and effect immediately upon my decease without court process of any kind. And the said party of the second part is hereby authorized to at said time take full possession and have all the rights of ownership of the whole of said property; The said personal includes moneys, bank accounts,. bank books, and all other movable property of every description. To have and to hold, the same to the said party of the second part her executors, administrators and assigns forever. And I do, for myself and my heirs, executors and administrators covenant and agree to and with the said party of the second part, her executors, administrators and assigns to warrant and defend the title to the said property, goods and chattels hereby conveyed against the just and lawful claims and demands of all persons whomsoever.

"In witness whereof, I have hereunto set my hand and seal the fourteenth day of December in the year of our Lord one thousand eight hundred and ninety-four. GEORGE D. HALL. [Seal.]

"Signed, sealed, and delivered in the presence of E. L. Reese, Charles H. Hubbs."

The probate of said instrument was contested by the respondents herein, who are heirs at law of the deceased, on the ground, among others, that the instrument is not a will. The court rendered judgment denying the probate, and from this judgment and from an order denying her motion for a new trial the said Louisa Hall appeals.

The judgment of the lower court is clearly right. The said instrument is certainly not in form a will. It does not contain any of the usual words of devise or bequest, nor any words equivalent thereto. It is in form and substance a deed between two parties by which one grants and transfers to the other certain property. The evidence introduced as to facts relating to the execution of the instrument is of no value to appellant. The evidence merely shows that deceased told the lawyer who drew it up that he wanted an instrument drawn so that all of his property should be "conveyed" to his wife at his death, and that he, the lawyer, drew the instrument "just precisely as he stated he wanted it"; that the lawyer and another person witnessed the instrument at the request of the deceased and in his presence in manner as appears at the end of the instrument; and that deceased then delivered the instrument to the appellant who has since had possession of it. In the whole transaction there was nothing said by the deceased, or by any one, about the instrument being a "will," and there was no publication of it as a will. Indeed, it appears upon the face of the instrument that it was not intended as a will, for by its terms the grantee was to have immediate possession of the property on the death of the deceased "without court process of any kind"; and it purports to have been "signed, sealed and delivered" in the presence of the witnesses. Wills are not delivered. A testator keeps possession and control of his will, and may destroy, cancel or revoke it at any time, and the devisee or legatee takes no right or estate whatever. Apparently the only ground for claiming that the instrument

should be held to be a will is that the property mentioned therein is not to go into the actual possession of the grantee until the death of the grantor; but that may be a feature of a deed as well as of a will. In the case at bar upon the delivery of the deed to the grantee it became irrevocable, which feature specially distinguishes it from a will which is in its nature revocable. In Jarman on Wills (vol. 1, p. 18) the law is correctly stated as follows: "A will is an instrument by which a person makes a disposition of his property to take effect after his decease, which is in its own nature ambulatory and revocable during his life. It is this ambulatory quality which forms the characteristic of wills; for, though a disposition by deed may postpone the possession or enjoyment, or even the vesting, until the death of the disposing party, yet the postponement is in such case produced by the express terms, and does not result from the nature, of the instrument." (See, also, the leading case on the subject, of *McDaniel* v. *Johns*, 45 Miss. 632.) The instrument in question here is clearly a deed granting and transferring *in præsenti* to the grantee named therein the property described, but reserving its enjoyment until the happening of a future contingency; and this was clearly the purpose of the grantor. Whether or not the instrument is effective for the purpose intended is not in question here; if it should be held to be inoperative for that purpose, that fact would not turn the deed into a will.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.