[S. F. No. 4902.  Department One.—November 13, 1908.]

In the Matter of the Estate of GEORGE D. HALL, Deceased. HELENA CROCKER and HENRY A. HALL, Respondents, v. LOUISA HALL, Executrix, Appellant.

APPEAL FROM ORDER DENYING PROBATE OF DEED AS WILL—LAW OF CASE—GRANT IN PRÆSENTI—EFFECTIVENESS OF DEED—SECOND APPEAL FROM DIFFERENT ORDER.—The decision upon a former appeal from an order denying the probate of a deed as a will, that it purported on its face to be a grant *in præsenti* of personal property with enjoyment postponed to the death of the grantor, and not a will, is not the law of the case upon the question "whether or not the instrument is effective for the purpose intended," which was expressly left undecided; and the effectiveness of the deed as a gift, may be determined for the first time on a second appeal from an order charging the administratrix with the amount of a deposit in bank left by the decedent.

ID.—DEED FROM HUSBAND TO WIFE—INCOMPLETE GIFT OF BANK DEPOSIT—CONTROL BY HUSBAND—ASSETS OF ESTATE.—A deed by a husband to his wife of all his personal property to become operative at his death, is not effective to carry a bank deposit left by him, when he made no assignment of the pass-book to her, nor any check or order relating thereto, but retained the pass-book, made deposits, and drew therefrom at his will until his death, upon which event, the whole residue of the bank deposit became assets of his estate, properly chargeable to the wife as administratrix.

ID.—WRITTEN GIFT INTER VIVOS—DELIVERY—INTENTION OF DONOR TO DIVEST CONTROL ESSENTIAL TO GIFT.—A written gift *inter vivos* need not be actually delivered, but no gift of personal property, whether written or verbal (except a *donatio causa mortis*), is complete and effectual unless the donor intends to divest himself completely of control or dominion over the property given.

ID.—INTENT AS TO FUTURE POSSESSION.—If the present right or control over the thing given is relinquished, the gift may be complete though it is not taken or intended to be taken until some future time.

ID.—INTENTION OF DONOR A QUESTION OF FACT.—What the intention of the donor was, is a question of fact to be determined in the trial court, upon all the evidence in the case.

ID.—EVIDENCE—DECLARATIONS OF DONOR.—In determining the intention of the donor, his declarations, made before and after the transactions, are admissible.

ID.—FINDING SUPPORTED BY EVIDENCE CONCLUSIVE.—When the court was justified in concluding from the evidence, as a fact, that the money deposited did not pass to the wife, but became a part of the husband's estate, its determination must stand upon appeal, although there was evidence from which a contrary conclusion might have been justified.

ID.—TRUST FUND NOT ESTABLISHED—INTENTION NOT SHOWN.—In order that the bank may be made a trustee of the deposit for the benefit of the wife, the intention of the husband to create a trust must appear; and it is held that there is no evidence in the case sufficient to require a finding as to such intention.

ID.—JURISDICTION TO CHARGE ADMINISTRATRIX WITH ASSETS—REMEDY BY APPEAL FROM FINAL ACCOUNT.—The superior court has jurisdiction to charge the administratrix, in the settlement of her accounts, with the amount of money or property of the estate which has come into her hands; and if she is improperly charged therewith in her final account, her remedy is to appeal from the decree settling the same.

APPEAL from an order of the Superior Court of Alameda County charging an administratrix with assets, and from an order denying a new trial. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Nowlin & Fassett, Wm. H. H. Hart, and Aylett R. Cotton, for Appellant.

S. C. Denson, for Respondents.

SLOSS, J.—George D. Hall died on March 15, 1904, survived by his widow, Louisa Hall, Helena Crocker, his sister, and Henry A. Hall, his brother. He left no other heirs. The widow applied for letters of administration upon the estate, and such letters were issued to her on April 4, 1904.

On November 2, 1904, she filed in the matter of said estate a paper claimed by her to be the will of George D. Hall, together with a petition that it be admitted to probate and that letters of administration with the will annexed be issued to her. A contest was filed by the brother and sister of the decedent, respondents herein, and the court rendered judgment denying probate. An appeal to this court by the proponent resulted in an affirmance of the judgment refusing to admit the alleged will to probate. (*Estate of Hall,* 149 Cal. 143, [84 Pac. 839].) This paper is quoted in full in the opinion of this court on that appeal. It will be sufficient at this time to state that it is an instrument in the form, generally speaking, of a deed, executed by George D. Hall in his lifetime and purporting to convey to Louisa Hall, his wife, all personal property which he possessed at the date of the instrument, or might thereafter own or possess, with the proviso, however, that the conveyance was to remain null and void during his lifetime, but to become effective upon his death, the party of the second part being authorized at that time to take full possession. At the time of Hall's death, there was on deposit in his name in a San Francisco bank the sum of $13,822.72, and that amount, or more, had so stood to his credit at all times after the execution of the paper just referred to.

On April 2, 1904, the administratrix had filed an inventory in which she included the money in bank as assets of the estate. After the decision determining that the paper offered by her for probate was not a will, she asked and obtained from the court leave to amend her inventory by excluding all of said money therefrom. Subsequently she filed in the superior court her final account, in which she stated that "no property, either personal or real, has been discovered or found by the above administratrix belonging to the estate of George D. Hall, deceased, and no money or other personal property is now or has been in the possession of this administratrix belonging to said estate." Objections to the account were filed by Henry A. Hall and Mrs. Crocker, and upon a hearing it

was determined by the court below that the administratrix should be charged with the sum of $13,822.72 in money belonging to the decedent at the time of his death, and an order was made that she be so charged, and that the account be settled accordingly. From this order and from an order denying a motion for a new trial the administratrix appeals.

The main point in controversy between the parties turns upon the legal effect of the instrument offered for probate as the will of the deceased. On the part of the respondents it is contended that the paper evidences on its face an intent to dispose of property only upon the death of the signer and that it is, accordingly, testamentary in character. On the other hand, the appellant urges that the proper construction of the document is that it is a present conveyance of the grantor's interest in the property described, with a postponement of the right of actual enjoyment. On the appeal from the order denying probate, the respective parties took positions directly opposed to those now assumed. The widow insisted that the paper was testamentary, the other heirs that it was not. In affirming the order there under review, this court said: "The . . . instrument is certainly not in form a will. It does not contain any of the usual words of devise or bequest, nor any words equivalent thereto. It is in form and substance a deed between two parties by which one grants and transfers to the other certain property. . . . The instrument in question here is clearly a deed granting and transferring *in præsenti* to the grantee named therein the property described, but reserving its enjoyment until the happening of a future contingency, and this was clearly the purpose of the grantor."

Defeated in her effort to secure probate of the paper as a will, the widow is now, naturally and properly enough, seeking to establish its effectiveness as an immediate transfer of title. To this end she relies upon the above quoted declarations in the opinion in 149 Cal. 143, as the "law of the case." The matter then before the court was an appeal from an order denying probate. The record of the proceeding in the superior court (a part of which was offered in evidence on the hearing of the account) shows that the refusal to admit the alleged will to probate was based upon a finding that the paper had not been published as a will. This want of one

of the statutory requisites to the making of a will is also referred to in the opinion of this court, and might well be treated as the true basis of the ruling there made. We may assume, however, for the purposes of this case, that the ground, or at least, one of the grounds of the earlier decision, was that the paper was, on its face, a present transfer, rather than a testamentary disposition. It may also be assumed, though we do not decide, that, after an appeal from an order denying probate, an appeal from an order settling an administrator's account is so far a second appeal in the *same case* that the doctrine of the law of the case may be deemed applicable.

Taking it as established, for the purposes of this appeal, that the paper in question purports to effect a present transfer, subject to a postponement of enjoyment, of the grantor's interest in certain property, the question whether or not it was so executed and delivered as to accomplish this purpose, still remains. The former opinion did not undertake to dispose of this issue. Indeed, the court expressly declined to dispose of it by saying, at the close of the opinion, "whether or not the instrument is effective for the purpose intended is not in question here; if it should be held to be inoperative for that purpose, that fact would not turn the deed into a will."

The paper recites that it is made in consideration of the sum of five dollars, "as also for and in consideration of the love and affection, and for the better maintenance of Louisa Hall." It is not pretended that any money or other thing of value actually passed between the parties, and the recital of a nominal consideration does not conflict with the obvious conclusion that the transaction, if valid at all, was intended to operate as a gift. "A gift is a transfer of personal property, made voluntarily, and without consideration." (Civ. Code, sec. 1146.) Where a gift *inter vivos* is evidenced by a writing duly executed by the donor, the property need not be actually delivered. The requirement of delivery has application only to verbal gifts. (Civ. Code, sec. 1147; *Ruiz* v. *Dow,* 113 Cal. 490, 496, [45 Pac. 867]; *Driscoll* v. *Driscoll,* 143 Cal. 528, [77 Pac. 471].) But no gift of personal property (except a *donatio causa mortis*) is complete and effectual unless there exists an intent, on the part of the owner, to completely

divest himself of dominion over the property. (*Denigan* v. *Hibernia S. & L. Soc.*, 127 Cal. 137 [59 Pac. 389]; *Robinson* v. *Mutual Sav. Bank*, 7 Cal. App. 642, [95 Pac. 533].) In this respect there is no distinction between verbal gifts and those evidenced by a writing. "To constitute such a gift, (i. e., one *inter vivos*), as is said in *Zeller* v. *Jordan*, 105 Cal. 143, [38 Pac. 640]," there must be an immediate transfer of the title and the donor must relinquish all present right to or control over the thing given." If such right or control be immediately surrendered, the gift may be complete, although possession is not taken or intended to be taken by the donee until some future time. (*Ruiz* v. *Dow*, 113 Cal. 490, 496, [45 Pac. 867]; *Driscoll* v. *Driscoll*, 143 Cal. 528, [77 Pac. 471].) But in every case, although the writing may by its terms purport to presently pass the title, the validity of the attempted gift will depend upon the intention of the alleged donor. (*Knight* v. *Tripp*, 121 Cal. 674, [54 Pac. 267].) If he intended to and did divest himself of all control over the property, the gift is complete. What the intent was is a question of fact, to be determined, like other questions of fact, by the trial court or the jury, upon all the evidence in the case. In determining it, declarations of the donor, made before or after the transaction, are admissible. (*Ruiz* v. *Dow*, 113 Cal. 490, 496, [45 Pac. 867].)

It is clear that, on the appeal from the order denying probate, this court did not assume to decide whether or not Hall in fact intended to make a complete gift of the property to his wife. What was there said regarding the "purpose of the grantor" had reference to the construction of the writing itself. We are, therefore, here confronted, for the first time, with the question of intent, in so far as such intent is a factor in the validity of the alleged gift. The evidence contained in the record shows that Hall did not do any act whatsoever to transfer his said bank account to his wife except to execute and deliver said document. He did not give or make any assignment, check, or order to his wife, and never at any time gave her any possession, delivery, or control of the said deposit. On the contrary, he at all times retained in his own possession the pass-book, and retained and exercised the absolute and exclusive management and control of his said bank account, depositing to and drawing from the same from time

to time. It appears that the instrument was drawn by an attorney under instruction from Mr. Hall; that at the time of its execution and delivery Hall said that he wanted his wife to have what was left of his property at the time of his death.

There can be no question that on these facts the court was fully justified in concluding, as it did, that the money on deposit did not pass to Mrs. Hall, but that it was a part of Hall's estate. The intent of the alleged donor being a question of fact, the determination of the lower court must stand on appeal, if based upon any substantial evidence warranting the inference that an immediate divesting of ownership and dominion over the property was not intended. The declaration of Hall that he wanted Mrs. Hall to have all that might remain at his death was certainly consistent with an intent on his part to retain the absolute ownership during his lifetime and to have title pass only upon his death. This interpretation of the circumstances attending the execution of the paper is supported by his subsequent conduct. While a contrary conclusion would probably have been justified by the evidence, the one that was reached was in no degree unreasonable or contrary to the showing made.

It might be suggested that Mrs. Hall's title could be upheld on the theory that the transaction had the effect of making Hall or the bank a trustee for her benefit. (*Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, [54 Pac. 370].) But to accomplish this result it is essential that there be an intent to create a trust, and the evidence above recited certainly did not require a finding of such intent. (*Noble* v. *Learned,* 153 Cal. 245, [94 Pac. 1047].)

Some doubt is suggested by the appellant as to the power of the court, in a proceeding of this kind, to adjudicate, as between the estate and the administratrix, the title to property claimed by the latter adversely to the estate. Whether or not the order here appealed from could be regarded as conclusively determining this question of title, there can be no doubt that the superior court has jurisdiction, in settling the accounts of an administrator, to determine the amount of money or property of the estate that has come into his hands, and to charge him therewith. "If he is improperly charged, his remedy is to appeal from the decree settling

his final account. I know of no other way in which it can be reached." (*In re Burdick*, 112 Cal. 387, [44 Pac. 734].)

The orders appealed from are affirmed.

Shaw, J., and Angellotti, J., concurred.