## King v. King, Appellant.

*Gift—Gift of land—Parent and child—Evidence—Specific performance—Advisory verdict.*

1. A parol gift of land from parent to child must be supported by evidence that is clear, precise and indubitable.

2. In ejectment by a father against his daughter-in-law, where defendant sets up a parol gift of the land by plaintiff to herself and husband during the latter's lifetime, a judgment n. o. v. for plaintiff is properly entered, where defendant's claim is supported only by her own testimony, and some alleged loose declarations of plaintiff, while it is all contradicted by the latter's testimony, and by proven facts in the case.

3. In such case, the defense set up is in effect a bill for specific performance, and the verdict is advisory only to the trial judge, as if he were sitting as a chancellor.

Argued February 7, 1922. Appeal, No. 74, Jan. T., 1922, by defendant, from judgment of C. P. Delaware Co., June T., 1919, No. 746, for plaintiff n. o. v., in case of Samuel J. King v. Edith King. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Ejectment. Before BROOMALL, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant, judgment n. o. v. for plaintiff: 15 Delaware Co. R. 509. Defendant appealed.

*Error assigned* was judgment, quoting it.

*A. B. Geary,* of *Geary & Rankin,* for appellant.

*John E. McDonough,* for appellee, was not heard.

PER CURIAM, March 20, 1922:

In 1880 Samuel J. King, the plaintiff, became the owner of a house and large lot on Twenty-fourth Street in the City of Chester, which was the family homestead until the death of his wife in 1897. During the last-named year his son, Samuel J. King, Jr., married the defendant, Edith King, who sets up a parol gift to a part of the homestead property, including the dwelling house, alleged to have been made by plaintiff to herself and her husband, jointly, in 1898; followed by possession and improvements. Samuel J. King, Jr., died in 1919, and thereafter this ejectment was brought to recover so much of the homestead property as was included in the alleged parol gift. The jury found for the defendant, but later the trial judge entered judgment n. o. v. for the plaintiff; from which the former brought this appeal.

The judgment was rightly entered. A parol gift of land from parent to child must be supported by evidence that is clear, precise and indubitable: Sorber v. Masters et al., 264 Pa. 582; Wright v. Nulton, 219 Pa. 253; Derr v. Ackerman, 182 Pa. 591; Poorman v. Kilgore, 26 Pa. 265. Tested by this rule defendant's claim fails, for its only support is her evidence as to the gift, strengthened by some alleged loose declarations of plaintiff; this was all contradicted by the latter's testimony, and by the facts that the assessment of the property continued in his name, that he built a sidewalk in front of it, gave mortgages upon it, and collected damages caused to it by a street improvement; also that defendant and her husband paid plaintiff rent for the property for many years subsequent to the alleged gift and that defendant sought to buy it after her husband's death. So, it is manifest the verdict in her favor cannot be sustained.

Moreover, the defense set up was, in effect, a bill for specific performance, wherein the verdict is advisory only to the trial judge (Wilson v. Wilson, 142 Pa. 572); he may, as was practically done in the instant case, withdraw the evidence from the jury, if, sitting as a chancellor, he would regard it as insufficient for a decree: Reno v. Moss, 120 Pa. 49; Olinger v. Shultz, 183 Pa. 469. It is not necessary to consider the questions of possession and improvements.

The judgment is affirmed.