### HUDGENS et al. v. TILLMAN.
### 4 Div. 727.

Supreme Court of Alabama.

Dec. 21, 1933.

Rehearing Denied Jan. 18, 1934.

Simmons & Simmons. of Opp, and E. O. Baldwin, of Andalusia, for appellants.

**674**

Powell, Albritton & Albritton, of Andalusia, for appellee.

**ANDERSON, Chief Justice.**

The shares of stock in the mill corporation were duly surrendered to it and reissued in the name of this appellee and would be effective as an irrevocable gift had there been a delivery of the new certificate actual or constructive, and which is the chief question to be determined upon this appeal.

As we understand, section 6995 of the Code of 1923 is not the only method of transfering corporate stock as between the parties, nor does a compliance therewith dispense with the necessity for a delivery to become effective as a valid gift. Davis v. Wachter, 224 Ala. 306, 140 So. 361, McGowin v. Dickson, 182 Ala. 161, 62 So. 685. Section 6896 of the Code of 1923.

"To make a valid and effective gift inter vivos there must be an intention to transfer title to the property as well as a delivery by the donor and an acceptance by the donee." 12 R. C. L. § 10, p. 932, and many cases cited in Note 18. "The delivery must be actual so far as the subject is capable of delivery, or otherwise it must be such delivery as the nature and situation of the subject sought to be given reasonably admits of and must clearly manifest an intention on the part of the donor to divest himself of title and possession." 12 R. C. L. § 12, p. 935.

While the authorities are not uniform as to what constitutes a gift or delivery of corporate stock, we think that the mere execution of a transfer of the stock on the books of the corporation is ineffectual to perfect the gift inter partes where the donor retains the certificate unless he constitutes himself the trustee for the donee. Getchell v. Biddeford Savings Bank, 94 Me. 452, 47 A. 895, 80 Am. St. Rep. 408; Walker v. Walker, 66 N. H. 390, 31 A. 14, 27 L. R. A. 799, 49 Am. St. Rep. 616; Cannon v. Birmingham Trust & Savings Co., 194 Ala. 469, 69 So. 934.

We think the complainant has failed to meet the burden of proof cast upon her by clear and convincing evidence essential to establish a gift of the stock in question. On the other hand, the proof shows that the purpose of the appellant was a mere effort to get the record in such shape as to negative any ownership of the stock as against a threatened claim for alimony by his wife and negatives a surrender or delivery of the stock, actual or constructive, or any intention on his part to give it to the complainant.

In the letter to his son-in-law, Ellis, he expressly instructed him to place the coupons, or stock, in his safety deposit box together with the letter, and the letter disclaims any intention to make an irrevocable gift. He also disclaimed in the letter any intention that the transaction should interfere with the future provision of his will for an equal division of his property among his children, yet the evidence shows that these transfers and the two deeds related to practically all of his property and would leave some of his children without anything. Again, he stated, in said letter of instruction to Ellis, "Ask you not to mention the fact to any one whether it

be those concerned or otherwise." Ellis did admit that he afterwards told the complainant that this stock was in her name, but that did not perfect the gift, as Ellis in doing so violated the appellant's instructions.

Nor do we think that the fact that the appellant endeavored to get complainant to indorse the dividend coupon, issued to her while the stock remained in her name upon the book of the cotton mill, evinces a recognition of her ownership of the stock, but indicates that he was still claiming the ownership of same.

As the appellee has failed to establish the ownership of the stock, the trial court erred in awarding her relief both as against the appellant Hudgens and the Opp Cotton Mills, and the decree as to Hudgens and Opp Mills is reversed, and one is here rendered dismissing the bill of complaint.

Appellee cites authorities from other jurisdictions, and, as previously observed, there is no uniformity of the decisions, but we do not think any court has held that the facts in this case showed an intention on the part of Hudgens to give this mill stock to his daughter, the appellee. What the status of the stock would be as to creditors, or the right of the mill corporation to act upon the books showing a reissue of the stock, we are not here concerned, but, as between Hudgens and the appellee, the evidence negatives a binding gift, and the trial court erred in so holding. The decree of the circuit court is reversed, and one is here rendered dismissing the bill of complaint as to both appellants.

Reversed and rendered.

THOMAS, BROWN, and KNIGHT, JJ., concur.