## Delahanty v. Farrington

120

*John R. K. Scott, William T. Connor,* and *Hardie Scott,* for plaintiff.

*Wenograd & Lefcoe,* for defendant.

LEVINTHAL, J., March 3, 1939.—This is an action of ejectment brought by plaintiff to obtain possession of certain real property alleged to have been owned by her deceased husband. Defendant is the daughter of decedent by a prior marriage, and, like plaintiff, claims through him. Decedent left surviving him also at least one son, who testified at the trial. Plaintiff's claim is by will. Dedefendant's claim is twofold: First, that she holds as the beneficiary of a resulting trust, with decedent as the trustee; and secondly, that she holds as grantee of a gift from her father. At the trial, which was before me without a jury, the evidence presented was substantially as I now detail it.

Plaintiff put into evidence the will of decedent, which devised to her all of his property. Defendant's witnesses then testified that defendant had come to this country from England at the request of her father; that shortly thereafter she and her husband took up residence in the house which is the subject of this action and which decedent had purchased; that certain payments for mortgage interest, taxes, etc., were made by her or by her husband; and that her father had several times stated that the house was hers. Defendant introduced also the following unsealed, recorded writing, dated "April 19/25":

"I Daniel Delahanty hereby sign over to my daughter Mrs. Mary Farrington the property at 2623 So. Watts St., Phila., Pa.

Signed—Daniel Delahanty
Witness—William Foy"

There is no resulting trust here, since there was no proof whatsoever that the purchase price of the premises had been furnished, in any manner or amount, by defendant. Indeed, the testimony was affirmatively the other way, that decedent had paid part of the purchase price from his own funds and had obtained the remainder by the security of a building and loan association mortgage. Defendant, therefore, showed no right in herself arising out of the original acquisition of title in her father's name. See A. L. I. Restatement of Trusts §§440-458, and Pennsylvania Annotations thereto, and Act of June 4, 1901, P. L. 425, 21 PS §601.

The oral evidence of a gift or of a contract to convey likewise fails. It was vague, inconclusive, and equivocal, wholly lacking in that indubitability necessary to take a case out of the statute of frauds. See Kirk et al. v. Ford et ux., 330 Pa. 579 (1938), Glass et al. v. Tremellen, 294 Pa. 436 (1928) and King v. King, 273 Pa. 351 (1922).

Defendant, therefore, rests solely upon the writing set out above. Whether that paper is a deed is not now before me for decision. That question is res adjudicata, having been resolved in favor of defendant by Judge Lamberton in an action brought before him to order the recording of the instrument. His adjudication, filed on May 15, 1937, in Court of Common Pleas No. 5, September term, 1936, no. 5177 (sub nom. Delahanty's Petition, 29 D. & C. 277), held that it was a deed and was thus entitled to be recorded. Judge Lamberton, however, left open the construction of the deed, and therefore it is, properly, for me to decide what title passed as a result of its execution.

In the first place, decedent was married to plaintiff at the time of the execution and as she did not join in it she retains, in lieu of her dower rights, a one-third interest in the property, there being more than one surviving child: Intestate Act of June 7, 1917, P. L. 429, secs. 1(b), 3, 20 PS §§2, 31.

Secondly, what is the duration of the estate which defendant has in the two-thirds interest which was conveyed

to her? At common law a conveyance without words of inheritance conveyed a life estate only: Klingler et al. v. Wick, 266 Pa. 1 (1920) ; Mattocks v. Brown, 103 Pa. 16 (1883) ; A. L. I. Restatement of Property §27. The Act of April 1, 1909, P. L. 91, 21 PS §2, which provides that a deed containing the words "grant and convey", or either of them, is sufficient to convey a fee simple title without words of inheritance, has no application here. The instrument I am construing uses the phrase "sign over", and fails to mention either the word "grant" or the word "convey". Therefore, the common-law rule governs this case and defendant has a life estate only.

Plaintiff seeks also to recover the rental value of the premises. There was evidence that the value was $22 per month and that defendant had occupied the house since August 1936. However, defendant was entitled to a two-thirds interest and was under a duty to pay only $7.33 monthly, or a total of $146.60 for the 20 months to the date of trial, January 11, 1939. Defendant, however, seeks to offset against the amount due the plaintiff as rent certain sums paid by defendant for taxes and water rents. Counsel for the parties, by stipulation, set the amounts so paid at $67.61 for 1936, and $59.47 for 1937. Decedent died on August 3, 1936. Therefore, only 5/12ths of the 1936 taxes and water rents, or $28.18, should be apportioned to the period during which plaintiff had an interest in the property. That makes a total of $87.65 paid by defendant on behalf of herself and plaintiff. One third of that amount was due from plaintiff. Defendant is therefore credited with $29.22, leaving a total of $117.38 payable by her to plaintiff, as mesne profits.

The court hereby finds for plaintiff and against defendant that plaintiff have and recover an undivided one-third share of the premises 2623 S. Watts Street, in the City and County of Philadelphia, to have and to hold the same during the life of defendant; plaintiff thereafter to recover and hold the entire premises aforesaid.

The court finds further for plaintiff against defendant in the amount of $117.38.