Nash, J.
 

 The plaintiff’s declaration contains several
 
 *26
 
 counts — the first, upon a special agreement, and one, for work and labor done. We concur with his Honor in that portion of his charge, wherein he instructs the jury, that the plaintiff is entitled to recover for the four months labor performed by him — but we differ with him as to the law governing the services as to the clearing. The charge upon that point is, “that the work being rendered in and upon the land was
 
 necessarily
 
 beneficial to the owner.” This is a novel
 
 principle to us. We
 
 do not perceive, why its being done in and upon the land must render it necessarily beneficial to the owner. Many cases might be put, in which it would not be. One is the instance put by Justice LeBlanc in
 
 Bastón and Butler,
 
 7 East. 479. A carpenter is employed to build a house upon the land of another ; he does build it — but it falls down the day after it is delivered. Another case will afford a familiar instance of the want of correctness in the principle stated. A ditcher is employed to dig ditches to drain a particular piece of land ; he does the work, but in a manner so unscientific, that it does not drain the land at all, but, on the contrary, renders the ground more wet by conducting w-ater to it, instead of taking it off. Where is the benefit to the owner of the land in either case ? Yet the work was done in and upon the land, and in the latter case the land must be drained by ditching before it can be used.
 

 The proposition, then, is not true. If it was intended to instruct the jury, that the law implied, that the work so done
 
 on
 
 the land was
 
 therefore
 
 beneficial ; we answer, we know of no such principle of law. If it was intended to instruct them, that such was the fact, then his Honor invaded the province of the jury. And in either case the charge is erroneous. In an action upon .a special agreement, the plaintiff must shew, that he has performed the work as specified, or he can not recover, either upon the special contract, or upon a count for work and labor done
 
 ?
 
 
 *27
 
 but if the work, when done, is received or used by the de-' fendant, and he thus derives a benefit from it, he must pay
 
 pro tanto
 
 for it. If the defendant refuses to receive the work, because of its insufficiency, or because of a deviation, the plaintiff cannot recover- upon a
 
 quantum meruit. Ellis
 
 v.
 
 Hamlin,
 
 3 Taunton 52.
 
 1st Leigh’s N. P.
 
 77. In this case, the clearing of the land was substituted for the two months* work, not performed under the first contract. And it is admitted, that the clearing was not done in the manner stipulated, and that the defendant had not received or used it, at the time the action was brought, nor for nearly two years after.
 

 We regret sending the case back to another jury. The plaintiff is clearly entitled to recover for the four months* service performed by him, but nothing for the clearing.
 

 Per Curiam.
 

 Judgment reversed and a
 
 venire de nova
 
 awarded.