## EASTBURN *v.* WHEELER.

STATUTE OF FRAUDS.—Complaint to foreclose a mortgage. Answer admits its execution, and avers that, after the delivery of the mortgage, a third person applied to the mortgagor to purchase a certain tract of land, offering a satisfactory price, provided he would take a certain lot in *Lafayette* at $300 as part payment, which he refused to do, and declined the offer; that thereupon plaintiff, who was informed of the facts, agreed with the mortgagor that if he would accept the rejected offer, and take the lot at $300, he would purchase and take a conveyance thereof at $300 from the defendant, and credit that sum on the first note maturing secured by the mortgage; whereby the defendant was induced to sell his land at the terms offered, and take a conveyance of the lot, and immediately tendered a conveyance thereof to the plaintiff, and asked that the credit be made upon his note, which was refused.

*Held*, that the agreement was within the statute of frauds.

*Held*, also, that besides the agreement of plaintiff to purchase the lot from the defendant, the contract embraced the sale of defendant's land, and the

taking in part payment therefor of a conveyance of the lot, which were substantial things, stipulated by the contract to be performed, and which, but for it, would not have been done, and their nature is such that the defendant, having performed them, can not be placed in *statu quo* unless the contract is enforced, and the acts of the defendant were a sufficient part performance to take the case out of the operation of the statute. Page 308.

STATUTE OF FRAUDS—PART PERFORMANCE.—The true ground of relief against the statute of frauds, and the only defensible ground on which the cases can be put, is fraud; that equity will not permit a suitor to make use of a statute against frauds as a means of perpetrating frauds, because to do so would defeat the very purpose for which the statute was made. Page 309.

APPEAL from the *Benton* Circuit Court.

FRAZER, J.—To a complaint for the foreclosure of a mortgage, the mortgagor answered, by way of cross complaint, admitting the allegations of the complaint, and averring that, after the delivery of the mortgage, a third person applied to him to purchase a certain tract of land, offering a satisfactory price, provided he would take a certain lot in *Lafayette* at $300 in part payment, which he refused to do, and declined the offer; that thereupon the plaintiff, who was informed of the facts, agreed with the mortgagor that if he would accept the rejected offer, and take the lot at $300, as had been offered, he would purchase and take a conveyance thereof from the defendant at $300, and credit that sum upon the note first maturing secured by the mortgage; whereby the defendant was induced to sell his land at the price and terms offered, and to take a conveyance of the lot, and immediately tendered a conveyance thereof to the plaintiff, and asked that the credit be made upon his note, which was refused, etc.

A demurrer to this answer was sustained, and this is the only error assigned.

The naked question presented is, whether the case was within the statute of frauds.

It will be observed that the parol contract pleaded required two things to be done by the defendant; viz : *first*, that he take the lot of another person at $300 in part payment for his land; *second*, that he convey it to the plain-

tiff. Two things were also required of the plaintiff: *first*, that he accept a conveyance of the lot; *second*, that he allow the credit on the defendant's note, which he held. The defendant fully performed the first condition required of him, and offered to perform the remaining condition, but was prevented by the plaintiff from fully consummating it; nevertheless, so far as it could be done by him, nothing was omitted.

The question is an interesting one, and the more so because, so far as we have been able to discover, no exactly similar case is reported. Principles, well settled by adjudication, so that, however doubtful they may have been in the beginning, because of their apparent conflict with the plain letter of the statute against frauds and perjuries, have become so completely interwoven with the very body of our jurisprudence, that it would be unwise now to question their soundness. That the statute has been, to some extent, modified by a long course of judicial legislation, is not to be denied. And though the reported cases are of multiform variety, yet new questions continue to be presented, giving room for differences of opinion at the bar, and among the courts.

It may be stated that the general tendency of the modern decisions is unfavorable to any further departure from the letter of the statute, and that the ablest judges have not hesitated to avow their firm conviction that whatever has been done by the judiciary to soften the harshness of the statute, has been, on the whole, unfortunate. If the present case makes a strong appeal to our love of justice, we must, nevertheless, not forget that to apply the law as it exists, is the rule which expresses our duty, and affixes limits to our power.

Regarded as a mere contract of the plaintiff to purchase the lot from the defendant, resting as it did exclusively in parol, there was nothing whatever to take the case out of the statute of frauds even under the most liberal rule that has ever been acted upon by any court in modern

times. There was no payment of purchase money, and no part performance. But the agreement pleaded embraced also the sale of the defendant's land, and the taking in part payment therefor, of a conveyance of the lot. This has been fully performed, and the acts thus consummated can not, consistently with the express allegations of the answer, be deemed merely auxiliary or preparatory to a performance of the contract. They were substantial things, stipulated by the contract to be performed, and which, but for it, would not have been done. So the answer avers, and the demurrer admits the truth of the averment. And such is the nature of these acts of part performance, that the defendant can not be placed in *statu quo*, and is wholly without remedy, unless the contract can be enforced against the plaintiff. And if we allow him to set up the statute as a means of avoiding its enforcement, we plainly permit him to make use of it as a warrant for the perpetration of a moral and legal fraud upon the defendant. To do this would be to overturn doctrines long and well establised. The part performance which avoids the statute is defined to be, acts done in performance. of the contract which put the party performing in such a situation that the non-enforcement of the agreement would be a fraud upon him. *Armstrong* v. *Ketterhorn*, 11 Ohio, 265. And, upon this principle, taking possession with the vendor's consent, in pursuance of the contract, is sufficient; for if it be not, then the purchaser is by the vendor's act made liable as a trespasser; otherwise, if possession be taken against the vendor's consent. Payment of the purchase money, it is finally agreed, is not alone sufficient, for it may be recovered back, and the purchaser thus made whole without prejudice. Not to multiply illustrations further, it may be observed that the true ground of relief against the statute, and the only defensible ground upon which the cases can be put, is that of fraud; that equity will not permit a suitor to make use of a statute

against frauds as a means of perpetrating fraud, for the reason that to do so would be to defeat the very purpose for which the statute was enacted. *Eyre* v. *Popham*, Lofft. 808; *Clinan* v. *Cook*, 1 Scho. & Lef. 22. It is a peculiar branch of equity jurisdiction to relieve against fraud; much more, it is so utterly repugnant to the constitution of the court to allow a party to make use of it for the perpetration of fraud, that he will not for such a purpose be permitted even to say the truth, (*Phillips* v. *Thompson*, 1 J. C. R. 131;) or, to borrow the forcible language of an able elementary writer, "a party who has been silent, when in conscience he ought to have spoken, will not be allowed to speak when conscience requires him to be silent." And it is by applying the doctrine of estoppel for the prevention of fraud that, in the inapt language of the books, part performance is said to take a case out of the statute. Perhaps it would be more consistent to say that, in cases where a parol agreement has induced another to do certain acts which he can not recall, and to put himself in such a position that a fraud upon him without remedy will result unless the contract is carried into complete execution, equity will not permit the other party to take advantage of the fact that the agreement was not in writing; just as, in a variety of other cases to prevent fraud, a party will not be tolerated to assert a fact, the setting up of which is unconscionable under the circumstances. Upon this ground, it seems in perfect accord with the doctrine which constitutes the basis of the great body of modern cases upon the subject, to hold that the demurrer ought to have been overruled.

In the really able argument made for the appellee, but a single authority is cited which seems to us not in harmony with the conclusion above expressed; and, after an attentive examination, we have not met with any other. The case referred to is *Chambers* v. *Lecompte*, 9 Mo. 575. That case was in its facts somewhat like the present. The

defendant agreed with the plaintiffs to convey a lot to them, if they would convey to a third person, to whom the defendant had contracted to make title, a certain other lot. Acting on the faith of this parol agreement, the plaintiffs conveyed, and then the defendant refused to convey as she had agreed, and the suit was to compel her to do so. It was held that there was no part performance sufficient to take the case out of the statute. We can not concur with the opinion in that case. Its reasoning seems to us exceedingly unsound. It proceeds upon the ground that merely moral and not legal fraud would be perpetrated upon the plaintiffs by permitting the defendant to avail herself of the statute, and concedes it to be settled that if legal fraud would result, then the rule would be that the party would not be allowed to protect herself by the statute. By the agreement, the defendant had induced the plaintiffs to part with their property to an innocent third party. They could not place themselves in *statu quo*. If this was not fraud, such as the courts will not allow the statute against frauds to be used to accomplish, then, in common with the text-writers, we have failed to apprehend correctly the idea which underlies the cases upon the subject. When nothing substantial has been done by way of performance, or when that which has been done is of such a nature that the party who has done it may be placed in *statu quo*, then it is held that the fraud resulting from a refusal to complete the contract exists only in morals, and relief will not be afforded by specific performance; but that was not the *Missouri* case. Again, the opinion seems to proceed upon the ground that, in order to take a case out of the statute by part performance, there must be some act of part performance by the party sought to be compelled to perform. The authorities do not at all sustain this proposition. The learned judge finally assumes that the case was merely one in which all that was done was but equivalent to the payment of the purchase money. This position is founded upon the idea that there is no distinction between the pay-

ment of money in consideration of the verbal promise to convey, and the doing of any thing else constituting such consideration. The adjudged cases, as well as established principles, are, so far as we are acquainted with them, inconsistent with that idea. *Rhodes* v. *Rhodes*, 3 Sandf. Ch. 279; *Malin* v. *Brown*, 4 Comst. 403; *Gosden* v. *Tucker's Heirs*, 6 Munf. 1. These cases all decide that where the consideration, not being merely money paid, consists in whole or in part of an act done, which is of such a nature that the party can not be placed in *statu quo*, equity will decree a specific performance in order to prevent the defendant from consummating a fraud under the protection of the statute.

Judgment reversed, with costs; cause remanded, with instructions to vacate all proceedings subsequent to the filing of the demurrer, and to overrule it, and proceed with the cause in accordance with this opinion.

*H. W. Chase* and *J. A. Wilstach*, for appellant.

*B. W. Langdon*, for appellee.