## CUPPY v. HIXON and Another.

STATUTE OF FRAUDS.—To an action against the husband to foreclose a mortgage upon lands, the wife became a party, on her own motion, and filed a cross-complaint alleging that before the execution of the mortgage she had purchased the land of her husband, and paid the consideration in full; that she, in connection with her husband, had ever since been in possession, but that the husband had failed and refused to convey, &c.; that the mortgagee had full notice, &c., and asking specific performance.

*Held*, that as there was no change of possession, and no such part performance that the parties could not be put in *statu quo*, the contract was void by the statute of frauds.

APPEAL from the *Sullivan* Circuit Court.

FRAZER, J.—This was originally a suit by the appellant against *Reed Hixon*, to foreclose a mortgage. The appellee, *Margaret Hixon*, wife of *Reed*, became a party, on her own application, and filed her cross-complaint against *Reed* and the appellant, alleging that prior to the mortgage she had bought the mortgaged premises of her husband for $2,200, the full value being only $2,000, which she had fully paid, her husband promising to have the title vested in her, which he has failed to do; that she, in connection with her husband, has ever since been in possession of the premises, and that the mortgagee took the mortgage with knowledge of all the facts. Prayer, that the title be conveyed to her, and that the mortgage be adjudged of no effect.

A demurrer to the cross-complaint by the appellant, for the want of sufficient facts, was overruled, and that is assigned for error here. We think that the cross-complaint showed a contract within the statute of frauds, and there is nothing alleged to take it out of the operation of that statute. · It does not appear that any change of possession followed the contract, so that the wife would be a trespasser if the statute were applied; no such part performance that the law cannot place her in *statu quo*. The possession averred is exactly such as would have existed before the

contract of purchase, if the property was the family residence, (and, indeed, according to the proof, such was the fact,) and it is therefore, in law, no averment of possession at all. We are clearly of opinion that the demurrer should have been sustained. In *Eastburn* v. *Wheeler*, 23 Ind. 305, we had, as in this case, the advantage of very exhaustive and able argument, and the question involved in that case, though not the same as in this, was nevertheless so allied to it as necessarily to come within the scope of our investigations at that time, and our conclusions upon it were then stated incidentally, and as part of the reasoning in that case. The principle is that only where there has been such part performance of the contract that the complete execution of it is necessary to prevent the perpetration of a moral and legal fraud, will equity apply the doctrine of estoppel, and refuse to allow a party to consummate the fraud by availing himself of the statute. Such is not this case. Here, nothing has been done but the payment of the purchase money in cash. That can be recovered back, and thus the purchaser be placed in *statu quo*.

A nice question upon the verdict is discussed by counsel, upon which, without fuller consideration, we do not find ourselves likely to agree. As it seems unnecessary for the future purposes of the case to decide it, we do not delay the judgment on account of it.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the cross-complaint.

*J. P. Baird, C. Cruft* and *S. Coulson,* for appellant.

*J. M. Hanna,* for appellees.