### Hixon and Another *v.* Cuppy.

STATUTE OF FRAUDS.—*Sale of Land.*—*Specific Performance.*—In a suit to foreclose a mortgage on real estate by the mortgagee against the mortgagor, the wife of the latter, on her application, became a defendant, and filed an

answer and cross complaint, averring, that when she married her co-defendant, she was entitled to the proceeds arising yearly from a certain sum of money during her life; that her said husband proposed that if she would sell said prospective income for a sum in hand and let him have said sum, he would let her have the lots described in said mortgage and would convey them to her with their improvements and would make additional improvements on them with said money, till they should be of a certain value; that she, to secure a home, in good faith, accepted said proposition, sold said yearly income at a sacrifice for a certain sum, and let her husband have a certain portion thereof on said agreement; that afterwards, her husband promised to make, and under her directions made, improvements on said real estate of certain value, by building thereon a house, he being enabled to do so from the money so obtained from her, no part of which had been repaid to her; that he had not made improvements on the property sufficient to make it worth the sum so given him by her, and it was worth not more than the amount he had so agreed to make it worth; that the house so built was in her possession during its erection, and was afterwards occupied by her and her said husband as a family residence, but was under her control and considered by them as being in her possession from its erection till the commencement of this suit, since which time she had rented it to other persons; that at various times her said husband had promised to convey the property to her, but neglected to do so; that long before the execution of said mortgage and before the creation of the debt secured thereby, the mortgagee had full notice of the equities of said wife.

*Held,* that the facts shown by the answer and cross complaint were sufficient to entitle the wife to specific performance.

APPEAL from the Sullivan Circuit Court.

GREGORY, C. J.—Suit by appellee against Reed Hixon on notes and mortgage executed January 19th, 1867. The appellant Margaret Hixon was, on her application, made a defendant, and filed her answer and cross complaint, averring, that, in 1863, she intermarried with the defendant Reed Hixon; that she was then entitled to, but had not the possession of, a large amount of money under the will of a former husband, in this, that she was to receive the proceeds arising from the sum of five thousand dollars, during her life; that after her marriage with Hixon, he being desirous of obtaining the possession of the money on the value of the prospective income, proposed that if she would sell the same for a sum in hand, and let him have it, he would let her have the lots described in the mortgage, and

would convey them to her with the improvements then thereon, of the probable value of one thousand dollars, and would vest of the money in making future improvements upon the lots, until they should be of the value of *two* thousand dollars; that she accepted the proposition in good faith, and sold said yearly income at a great sacrifice, viz., for the sum of twenty five hundred dollars, that she might thus be able to secure a home; that upon receiving the money she let her husband, Reed Hixon, have two thousand dollars thereof, and afterwards two hundred more, for the purpose and upon the agreement and understanding above; that Reed Hixon afterwards promised to and did make under her directions additional improvements by erecting a dwelling house upon the lots, of the value of six or seven hundred dollars, and was enabled so to do from the money so obtained from her; that the lots and improvements are worth not exceeding eighteen hundred or two thousand dollars; that no part of the money had been repaid to her by Reed Hixon, except about one hundred and fifty dollars in property, which she had suffered to be taken for his debts; that he did not make improvements on the property so as to make it worth as much as the money so by her given to him; that the house so built after the advancement of the money was in possession of said Margaret during its erection, and was by her and her husband after its completion occupied as and for a family residence, but that it was under her control and considered by them to be in her possession from that time until the commencement of this suit, and from thence hitherto she has rented it to other parties; that Reed Hixon at various times promised to convey to her the property, but neglected so to do; that the plaintiff, long before the execution of the mortgage and before the creation of the debt secured thereby, had full notice of the equities of the defendant Margaret Hixon.

A demurrer was sustained to this cross complaint, and that action of the court below is the alleged error assigned here.

When this case was here before *(Cuppy* v. *Hixon*, 29 Ind. 522), the facts then presented by the cross complaint were entirely different from the averments now under consideration. It was correctly said then in reference to the statute of frauds, that "the principle is, that only where there has been such part performance of the contract that the complete execution of it is necessary to prevent the perpetration of a moral and legal fraud, will equity apply the doctrine of estoppel and refuse to allow a party to consummate the fraud by availing himself of the statute."

There were then no facts averred to take the case out of the statute but the payment of the purchase-money. The facts now alleged, and admitted by the demurrer, bring the case within the rule. In addition to the payment of the purchase-money, the sacrifice of the yearly income, the exclusive possession of the property by the wife, and the erection of the dwelling-house with the money paid by her are shown.

In the absence of a written contract, the payment of the purchase-money, the possession under a verbal contract, and improvements on the property, have been repeatedly held by this court to be sufficient to take the case out of the statute of frauds.

It is claimed by the counsel of the appellee, that the cross complaint does not show a performance of the contract on the part of the wife. As we understand the facts averred, the husband failed to make the improvements contemplated by the original contract, but having received twenty-two hundred dollars, and having erected a dwelling-house of the value of only some seven hundred dollars, he promised to make the conveyance, thereby waiving the payment of the residue of the twenty-five hundred dollars. It is expressly averred that the husband did not make improvements on the property so as to make it worth as much as the money advanced by the wife.

The court erred in sustaining the demurrer to the cross complaint.

Judgment reversed, with costs. Cause remanded with directions to overrule the demurrer to the cross complaint, and for further proceedings.

· *J. M. Hanna*, for appellants.

*S. Coulson*, for appellee.