PINGER, *Trustee*, v. LEACH, *Appellant.*

**Evidence** *held* insufficient to sustain a decree of the court below setting aside certain conveyances as fraudulent.

*Appeal from Buchanan Circuit Court.*—HON. JOS. T. GRUBB, Judge.

REVERSED.

*Ben Loan* for appellant.

*Hill & Carter* and *A. H. Vories* for respondent.

NAPTON, J.—There are two hypotheses presented by this case on either or both of which the decree of the circuit judge may have been based. The first is, that the petitioner, Mrs. Saltzmann, inherited from her father, after her marriage, real and personal estate which her husband got contro' of by fraudulent representations and converted into money, and invested this money in the lot and buildings now in controversy. This is distinctly charged in the petition. In this it is averred that "during her said coverture she became and was vested with title to about $6,000 worth of property, real and personal, in her own separate and sole right and name, which came to her from her deceased father's estate; that her said husband, soon after his said marriage, procured from her by fraud, force and duress, her signature and acknowledgment to deeds whereby was conveyed her real estate, and obtained in like manner possession and control of all her personal property, all of which said real and personal property said Augustus Saltz-

mann converted into money, at the same time falsely and fraudulently representing to said Henrietta that he was intending and would invest her said money in the lot now in controversy, and would erect improvements thereon, and have the title to said real estate conveyed to and put in the name of his wife; but that said Augustus purchased said property, with the money aforesaid, and had the same conveyed to himself," &c.

The difficulty in regard to this series of allegations is the want of evidence to support it. No evidence seems to have been seriously offered on this point. It is true that Mrs. Saltzmann, the party complaining, states that in an interview she had with defendant, during the pendency of the first suit for a divorce, she told defendant that she was not afraid of losing her property, for her money was in it. This surely was not regarded as proof of the fact stated, if considered of any importance, and there certainly could have been no difficulty in showing how much real estate and money was received by Augustus Saltzmann, after his marriage, from his wife's father.

In the event that such allegations proved true, Mrs. Saltzmann's title did not originate in December, 1870, when her husband made the settlement on her. A court of equity would have compelled such a settlement, and the property thus acquired would not be subject to the debts of the husband, except so far as his own money may have contributed to its value. This is clearly the doctrine declared by the chancellor in *Lathrop v. Gilbert*, 2 Stockt. 344, and indorsed by Ch. Kent in his commentaries, (vol. 2, § 1372, b.,) and by decisions of this court (*Tennison v. Tennison*, 46 Mo. 77, and cases there cited); and by the courts of Indiana, Illinois, Alabama and Pennsylvania, (33 Ind. 210; 44 Ala. 227; 53 Ill. 340; 43 Ala. 677; 30 Ind. 273; 60 Pa. St. 408). It seems probable, therefore, seeing the absence of all testimony in regard to the allegations in the bill above referred to, that the decree was based solely on the conveyance in December, 1870, during the pendency of the

first suit for divorce. This deed unquestionably conveyed to the trustee all title then owned by the grantor. To defeat this defendant avers two judgments against Saltzmann prior to this deed and his purchase of title under them. The plaintiff anticipating this defense, avers that these judgments were fraudulent. This averment is based on the fact that defendant was apprised of the deed in December, 1870. It is further alleged that a fraudulent conspiracy was entered into by defendant and Augustus Saltzmann to defeat this conveyance of December, 1870. This charge of fraud and conspiracy may be dismissed in a few words. The evidence shows that defendant was a mere speculator, desiring to buy, as he did, a property worth $3,000 for about $1,000. That he knew of the deed of 1870 is clear, but he was advised that this deed was subject to prior judgments. He found the owners of these judgments and bought from them. His title under these judgments was perfect, unless it appears that the defendant in them had no ownership. Whether this was so or not is to be seen, and depends on evidence not yet produced. If the allegations in the petition were true, Augustus Saltzman was a mere trustee and could convey nothing that was not subject to his wife's claims, unless he had contributed from his own means to improve the property now in dispute. So far as his contributions extended the defendant's purchase was protected. Beyond this it was not. We will, therefore, send the case back that the facts may be more fully developed. Judgment reversed and cause remanded.