## J. R. SUTHERLAND V: FRED TAINTOR.

(Filed September 6, 1906.)

1. CONTRACTS—Parol sale of Realty—Contract Executed—Statute
   of Frauds. The courts will enforce a parol agreement for the sale
   of real estate, where the vendor has paid the consideration, and
   taken possession, in good faith, of the premises, with the know-
   ledge and consent of the vendor, and made permanent improve-
   ments thereon.

(Syllabus by the Court.)

*Error from the District Court of Beaver County; before*
*J. L. Pancoast, Trial Judge.*

Dyke Ballinger, for plaintiff in error.

Francis C. Price and H. H. Loofbourrow, for defendant
in error.

STATEMENT OF FACTS.

This was an action brought in the district court of Bea-
ver county by the defendant in error, Fred Taintor, plaintiff
in the court below, against Robert A. Reiser, Ernest R. Wood,
and the Stockgrowers National Bank of Ashland, Kansas.
The action was for specific performance, based on an oral
contract alleged to have been made between Fred Taintor
and R. A. Reiser on or about the 4th day of May, 1901, the
consideration being $361.25. That immediately thereafter
the defendant in error, the plaintiff in the court below, took

possession of the premises, and began to improve the same. Notwithstanding the oral contract with Taintor, the defendant Reiser executed a deed to the land in controversy to Ernest R. Wood, on or about August 1, 1901; and it is alleged in the petition that the defendant Wood had full knowledge of the contract between Taintor and Reiser, and that he was at that time in the employ of Taintor. And it was further alleged that the deed was taken by Wood from Reiser with the intent to defraud Taintor.

Pending the litigation, the plaintiff in error, J. R. Sutherland purchased the land in controversy from the defendant Wood, and filed his interplea in this action, claiming to be a purchaser of the premises in good faith, for a valuable consideration, without notice.

The defendant Reiser being a non resident, publication service was had as to him. The defendant Wood made no appearance, although personal service was had upon him, and no answer was filed by him, and the cause was tried to the court as between the interpleader, J. R. Sutherland, and the plaintiff, Fred Taintor.

The court, after hearing the evidence, found the issues in favor of the plaintiff, and against the defendants and the interpleader, and rendered a decree for specific performance of the contract. From this judgment the interpleader, J. R. Sutherland, appeals.

Opinion of the court by

HAINER, J.: It is contended by plaintiff in error that the parol contract which was made the basis of this action was void, and non-enforceable under the statutes of Okla-

homa, and this is the only question relied upon for a reversal of the cause. This contention cannot be sustained.

The plaintiff in the court below did not rely solely upon the contract, but based his contention upon the ground that the contract was fully executed by the plaintiff, in this, that the consideration was paid, and that the plaintiff was put in possession of the premises, and immediately commenced to improve the land and make permanent improvements thereon; and hence that the contract was enforceable, although it was merely a parol agreement, and no note or memorandum was made between the parties at the time said contract was entered into. And this was the finding of the trial court, after hearing the evidence that was adduced upon the trial.

In *Halsell v. Renfrow*, 14 Okla. 674, this court had this question under consideration, and it was there held that:

"A parol agreement for the sale of real estate may be specifically enforced where there has been such part performance of the contract as would make it impracticable to place the parties in their original positions, and thus make it a fraud upon one of the parties not to enforce the agreement."

And that:

"The payment of the purchase money is not alone such part performance of an agreement to sell real estate as will authorize a court to enforce its specific performance. But part payment and taking possession in good faith, or taking possession with the knowledge of the vendor and making valuable improvements, constitute such part performance as will ordinarily warrant a court in decreeing specific performance of the contract."

We think this case is decisive of this question, and that the court was fully warranted, under the evidence, in decree-

ing specific performance. There being no error in the record, the judgment of the court below is affirmed.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.