## In re ESTATE OF WIDENER.
## WIDENER v. MILLER et al.

No. 17738.    Opinion Filed Feb. 28, 1928.

Rehearing Denied April 3, 1928.

(Syllabus.)

1. **Husband and Wife—Gifts—Presumption From Husband Indorsing to Wife Bank Deposit Certificate.**

In the absence of fraud or the interest of intervening creditors, where a husband deposits money in the bank, taking a deposit certificate therefor, indorses the same and delivers it to his wife and she retains possession of the deposit certificate and control over the deposit, collects the interest and renews the deposit certificate, the presumption of law is that the husband intended the deposit as a gift inter vivos.

2. **Gifts—"Gift Inter Vivos."**

A "gift inter vivos" is complete where there is an intention to give, accompanied by a delivery of the thing given, and an acceptance by the donee. Fouts v. Nance, 55 Okla. 266, 155 Pac. 610.

Error from District Court, Pawnee County; Z. I. J. Holt, Judge.

In the matter of the estate of James Widener, deceased. Action by Minnie B. Widener against May Wheeler Miller and others. Judgment for defendants, and plaintiff appeals. Reversed.

Thurman S. Hurst and Chester H. Lowry, for plaintiff in error.

George W. Buckner, for defendants in error.

PHELPS, J.    On April 24, 1920, James Widener deposited in the Cleveland National Bank the sum of $1,400, taking a deposit certificate therefor which recited that it was "payable to the order of himself or Minnie B. Widener," and further providing that the deposit should bear interest at the rate of 5% if left 12 months. James Widener indorsed this deposit certificate and delivered it to his wife, Minnie B. Widener, who appears in this proceeding as plaintiff in error.

On May 6, 1921, Mrs. Widener took the certificate to the bank, surrendered it, collected the interest and had another issued in the same language as the original. On May 27, 1921, James Widener died and a controversy arose between Minnie B. Widener, who claims the $1,400 as a gift inter vivos from her husband, James Widener, and the other heirs, children of a former marriage of James Widener, who claim that the $1,400 constituted a part of the assets of the estate of James Widener, deceased, and should be treated and distributed as such, and from the judgment of the district court of Pawnee county against her, Minnie B. Widener prosecutes this appeal.

It appears that James Widener owned and operated a small mercantile establishment invoicing about $1,200, against which there had accumulated an indebtedness of about $3,000. His wife, Minnie B. Widener, went into the store with him and virtually took charge of it and acted as bookkeeper, buyer, and general manager for more than two years, during which time the $3,000 indebtedness was paid off, and the store was then sold for $2,500. Mr. Widener took the $2,500 received as the purchase price of the store to the bank and there deposited $1,400 of it, taking as evidence of such deposit the deposit certificate, as hereinbefore indicated, which he delivered to his wife, plaintiff in error here.

The sole question presented by this appeal is whether the $1,400 was a gift inter vivos

to plaintiff in error or whether it was the property of James Widener at his death and entitled to be listed and distributed as a part of his estate. The evidence shows that there was dissension between Mr. Widener and his children over his property and that he was greatly pleased at the manner in which his wife took charge of and conducted his mercantile establishment and that he had, on at least one occasion, made the statement that he "expected to see her well paid for it and that she would lose nothing for the interest she was taking."

28 Corpus Juris, 666, says:

"The general rule is that an indorsement and delivery of a check or certificate of deposit by the owner or payee thereof, will constitute a valid gift of the fund represented by such check or certificate. And it is usually held that the delivery of a certificate of deposit, without indorsement, is sufficient for this purpose. * * *"

In Mendenhall v. Waters, 53 Okla. 598, 157 Pac. 732, in the body of the opinion this court said:

"The rule is, where a husband purchases lands with his own money and takes title thereto in the name of his wife or in the joint name of himself and wife, no trust arises in favor of the husband by reason thereof in the lands standing in the name of the wife, but the presumption of law is, in the absence of evidence to the contrary, that an advancement or gift was intended." (Citing authorities.)

In Shaffer v. Smith, 53 Okla. 352, 156 Pac. 1188, in the third paragraph of the syllabus, this court said:

"The presumption that a person will accept a purely unqualified gift is so strong that the courts have quite generally manifested a disposition to act upon such presumption as a working rule for the operation of such conveyances."

In Kent v. Tallent, 75 Okla. 185, 183 Pac. 422, in the fifth paragraph of the syllabus, this court said:

"A husband has the right to convey land to his wife, or to have it conveyed to her, either as a gift outright or in payment of a debt owed to her, and in the absence of fraud or interests of creditors the presumption of law is in favor of such conveyance." Barnes v. Morris, 105 Okla. 17, 231 Pac. 466.

28 Corpus Juris, 626, states that the general rule

"* * * is that to constitute a valid gift inter vivos there must be a donor competent to make it; freedom of will on his part; an intention on his part to make it; a donee capable of taking the gift; the gift must

be complete, and nothing left undone; the property must be delivered by the donor, and accepted by the donee, the gift must go into immediate and absolute effect. * * *"

There is no question raised as to Mr. Widener's mental capacity to make the gift in question; there is no dispute that the deposit certificate was by him turned over to Mrs. Widener; there is no dispute that she retained possession of and control over it until after his death. The testimony that he intended to see her well paid for her services in his store is not disputed, and, as we view it, there is no evidence whatever to rebut the presumption that he intended the $1,400 deposited in the bank as a gift inter vivos, and, therefore, no evidence upon which to base the court's judgment.

The judgment of the district court is, therefore, reversed and judgment rendered for plaintiff in error.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 28 C. J. p. 666, §66; 13 R. C. L. p. 1384. (2) 28 C. J. p. 627, §19; p. 630, §21; p. 643, §37; 12 R. C. L. pp. 931, 932.