## WIDENER v. MILLER et al.

No. 20754. Opinion Filed Feb. 2, 1932.

Thurman S. Hurst, for plaintiff in error.

Geo. W. Buckner, for defendants in error.

HEFNER, J. This is an appeal by Minnie B. Widener from a judgment of the district court of Payne county affirming a judgment and order of the county court refusing to set aside and vacate an order approving the final account of the administrator of the estate of James Widener, deceased. Appellant is the surviving widow of deceased.

This controversy has grown out of a claim made by appellant for a widow's allowance. The county court originally denied her application for an allowance. She appealed from this order to the district court and was allowed the sum of $125 per month for the first 12 months following the death of her husband, and $100 per month thereafter until the estate was finally settled. The heirs of deceased appealed from this judgment to the Supreme Court, which appeal resulted in an affirmance of the judgment. The opinion was filed by this court February 17, 1925 (In re Widener's Estate, 112 Okla. 54, 240 P. 608), but, because of failure of the parties to pay the costs the mandate was held up until June 29, 1927. On May 5, 1925, before the mandate was spread of record in the district court, but after the rendition of the opinion, the administrator filed his final account and petition for distribution of the estate in the county court. Appellant herein filed exceptions to the account of the administrator and contended that there was due her a sum in excess of $5,000 on the widow's allowance, and that a certain certificate of deposit claimed by the administrator as assets of the deceased was her individual property. A hearing was had in the county court on the question of ownership of the certificate of deposit on June 6, 1925, and resulted in a judgment against appellant and in favor of the estate. Appellant appealed to the district court, in which court she also lost. She appealed from this judgment to the Supreme Court, which appeal resulted in a reversal of the judgment and rendition of judgment in her

favor. Widener v. Miller, 130 Okla. 154, 265 P. 763.

Pending the latter appeal, the county court rendered judgment settling the account of the administrator and allowed appellant the sum of $5,562.92 as a widow's allowance. This amount was paid by the administrator June 9, 1925. The county court also made a final order distributing the estate to the heirs of deceased, except as to the certificate of deposit involved in the appeal. On May 7, 1928, appellant filed her motion in the county court to vacate and set aside the decree of distribution in so far as it distributed the real estate of deceased, and prayed that she be allowed an additional sum of $100 a month on the widow's allowance from June 9, 1925, until the final disposition of the estate. The court denied the motion. An appeal was taken by her to the district court, which court likewise denied her motion. To reverse that judgment, she has appealed to this court.

It is urged by her that the county court was without jurisdiction to settle the accounts of the administrator and make a final order of distribution while the appeal was pending between her and the heirs of deceased as to the ownership of the certificate of deposit, and was without jurisdiction to proceed until the mandate of the Supreme Court affirming the judgment of the district court settling the question of the widow's allowance was spread of record in the district court. She appeared at the hearing on the settlement of the final account of the administrator and claimed the allowance. No question was raised by her as to the jurisdiction of the court at that time. She accepted the benefits of the order and cannot now be heard to complain. She urges, in her reply brief, that estoppel was not pleaded. A sufficient answer to this contention is that no objection was made to the introduction of the evidence on the theory that it was not pleaded and the court had all the facts before it at the time it entered judgment. The mere fact that an appeal was pending on a collateral matter between the heirs and appellant would not deprive the county court of jurisdiction to settle the estate subject to final disposition of the appeal and make a final distribution thereof.

Appellant was a second wife, and, under her marriage settlement agreement, she had no interest in the estate of her deceased husband. She claimed that the $1,400 represented by the certificate of deposit was a gift to her. The sole question presented by that appeal was whether the $1,400 was a gift to her from her husband, or was the property of the deceased husband at his death, and entitled to be listed as part of his estate. Widener v. Miller, 130 Okla. 154, 265 P. 763. That, in effect, was a suit by her against the estate for the $1,400. The pendency of that appeal would not prevent the county court from making a final distribution of the estate. If she were successful on the appeal, the entire amount was hers. On the other hand, if she lost, the entire amount belonged to the estate and she would have no interest therein. The pendency of an appeal of that character would not divest the county court of jurisdiction to make a distribution of the estate.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CULLISON, and McNEILL, JJ., absent.