FOSTER v. FOSTER.

No. 32937. Sept. 30, 1947.

Rehearing Denied Dec. 2, 1947.

187 P. 2d 222.

W. L. Coffey, of Tulsa, for plaintiff in error.

B. C. Franklin, of Tulsa, for defendant in error.

RILEY, J. O. C. Foster, defendant in an action for divorce and to quiet title to real property successfully maintained against him by defendant in error, has appealed and presents as the only question involved the failure of the trial court to make an equitable division of the property.

The marital relation of the parties commenced in 1924. Thereafter they were ceremonially married. The property in controversy consists of a 10-acre tract of land in Tulsa county and two improved properties within additions to the city of Tulsa. These properties were conveyed by the husband to the wife in the year 1933 and she has ever since exercised over them complete dominion and control.

Plaintiff did not seek, in the action for divorce, a property settlement, but assumed that by the conveyances such a settlement had been made. Defendant answered and by cross-petition sought, for an alleged want of consideration, a cancellation of deeds by which he conveyed to plaintiff the properties. In the alternative, defendant prayed a just and equitable division of property belonging to the parties.

Defendant did not appear at trial, but testified by deposition. No evidence of record reveals the extent or value of property acquired by the parties during coverture nor the amount retained by either party at the time divorce was granted.

Plaintiff's testimony, not controverted, shows that when defendant left Tulsa for Chicago, he carried with him $5,000; that thereafter, in the year 1935, plaintiff went to Chicago and carried with her $25,000 which she delivered to defendant. Plaintiff thereafter returned to Tulsa, managed the properties in controversy, and received a $112 monthly income therefrom.

Defendant is shown to have been engaged in a policy or number racket while plaintiff operated a drugstore in Tulsa. In 1933, defendant moved to Chicago where, according to the view of the trial court, defendant gradually shunted plaintiff out of the relationship as wife, and sent her home. The trial court found that defendant not only wilfully abandoned plaintiff because of his interest in another, but that he also abandoned every right or claim to the involved property. In the absence of fraud, the presumption of law sustains defendant's conveyances to plaintiff. Kent v. Tallent, 75 Okla. 185, 183 P. 422; In re Widener's Estate, 130 Okla. 154, 265 P. 763.

The extent and value of property remaining at the time of divorce and acquired by joint industry of husband and wife during coverture is not shown; neither the trial court nor this court can make an equitable division of such property because of failure to show its value and extent.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and WELCH and LUTTRELL, JJ., concur.